**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| HAMIDULLAH MUHSEN, a U.S. Citizen, | |
| and | Case No. 1:17-cv-1895 |
| EHSANULLAH MUHSEN, a U.S. Citizen, | |
| Plaintiffs, | |
| v. | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | |
| Serve:  Office of the General Counsel Department of Homeland Security Mail Stop 3650 Washington, D.C. 20528 | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | |
| Serve:  U.S. Citizenship & Immigration Services 425 I. Street, N.W., Room 6100 Washington, D.C. 20536 | |
| UNITED STATES DEPARTMENT OF STATE, | |
| Serve:  U.S. Department of State 2201 C Street NW Washington, DC 20520 | |
| EMBASSY OF THE UNITED STATES, ISLAMABAD, PAKISTAN, | |
| Serve:  U.S. Department of State 2201 C Street NW Washington, DC 20520 | |
| ELAINE DUKE, Interim Secretary of the Department of Homeland Security, | |

Serve:  Office of the General Counsel
         Department of Homeland Security
         Mail Stop 3650
         Washington, D.C. 20528

JAMES MCCAMENT, Interim Director of
the United States Citizenship and
Immigration Services,

Serve:  U.S. Citizenship & Immigration
         Services
         425 I. Street, N.W., Room 6100
         Washington, D.C. 20536

REX TILLERSON, United States Secretary
of State,

Serve:  U.S. Department of State
         2201 C Street NW
         Washington, DC 20520

and;

DAVID HALE, Ambassador of the
United States at the U.S. Embassy,
Islamabad, Pakistan,

Serve:  U.S. Department of State
         2201 C Street NW
         Washington, DC 20520

  Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFFS' FIANCE VISA APPLICATIONS

COME NOW Plaintiffs, Hamidullah Muhsen and Ehsanullah Muhsen, to respectfully request a hearing before this Honorable Court to issue a writ of mandamus compelling Defendants to adjudicate the long-delayed fiance visa application filed by Plaintiffs on behalf of their foreign-born fiances.

**PARTIES**

1.  Plaintiff Hamidullah Muhsen is a naturalized U.S. citizen.  Plaintiff Ehsanullah Muhsen is also a naturalized U.S. citizen.

2.  The Plaintiffs are biological brothers.

3.  Defendant Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the petition for alien relative provisions of the law and assisting the DOS with background and security checks.

4.  Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing petitions filed on behalf of alien relatives seeking to file fiance visa applications.

5.  Defendant Department of State (hereinafter sometimes referred to as "the DOS") is the agency of the United States that is responsible for communicating with the DHS and managing Defendant Embassy of the United States in Islamabad, Pakistan, and which is responsible for implementing the immigrant visa provisions of the law.

6.  Defendant Embassy of the United States in Islamabad, Pakistan (hereinafter sometimes referred to as "the Islamabad Embassy") is a component of the DOS that is responsible for processing fiance visa applications and implementing federal immigration law.

7.  Defendant Elaine Duke, the Interim Secretary of the DHS, is the highest ranking official within the DHS.  Duke, by and through her agency for the DHS, is responsible for

the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA").  Duke is sued in her official capacity as an agent of the government of the United States.

8. Defendant James McCament, Interim Director of the USCIS, is the highest ranking official within the USCIS.  McCament is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. McCament is sued in his official capacity as an agent of the government of the United States.

9.  Defendant Rex Tillerson, Secretary of State, is the highest ranking official within the DOS.  Tillerson is responsible for the implementation of the INA and for ensuring compliance with applicable federal laws, including the APA.  Tillerson is sued in his official capacity as an agent of the government of the United States.

10. Defendant David Hale is the Ambassador of the Embassy of the United States in Islamabad, Pakistan.  Hale is being sued in his official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

11. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

12. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) Defendants maintain their offices within this district.

13. This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to the fiance visa applications.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. Federal law provides that because Hamidullah Muhsen and Ehsanullah Muhsen are U.S. citizens, they are entitled to file an I-129F application through Defendant USCIS to bring their respective fiances to the United States so that they may marry and adjust their status to that of lawful permanent residents.

15. The fiances of Hamidullah Muhsen and Ehsanullah Muhsen are Pakistani citizens.  Pakistan is a predominantly Muslim country.

16. Hamidullah and Ehsanullah Muhsen are free to marry.  Their fiances are also free to marry.

17. Hamidullah Muhsen filed an I-129F Petition for Fiance on January 9, 2015.  The case was assigned number WAC-15-901-24903.

18. Ehsanullah Muhsen filed an I-129F Petition for Fiance on May 16, 2016.  The case was assigned number WAC-16-904-61942.

19. Plaintiffs paid all applicable filing and visa fees.  Defendants accepted and retained all fees paid by Plaintiffs.

20. Defendant USCIS purportedly approved Hamidullah Muhsen's fiance visa petition on January 22, 2015.  The USCIS allegedly forwarded the approved petition to the National Visa Center (hereinafter sometimes referred to as the "NVC"), a division of the DOS, for processing.

21. Upon information and belief, Defendant USCIS has refused to adjudicate the I-129 Petition for Fiance filed by Defendant Ehsanullah Muhsen.

## FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For their first claim for relief against all Defendants, Plaintiffs Hamidullah and Ehsanullah Muhsen allege and state as follows:

22. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

23. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Section 555(b) creates a non-discretionary duty to conclude agency matters.  *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991).  A violation of this duty is a sufficient basis for mandamus relief.

24. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

25. The DOS regularly works with the DHS when carrying out background and

security investigations that are delayed by administrative processing.

26. The DHS has a policy, known as the "Controlled Application Review and Resolution Program" (hereinafter sometimes referred to as "the CARRP") that intentionally delays the applications of adherents of Islam due to security concerns.

27. On information and belief, Plaintiffs allege that the DHS, USCIS, and Fairfax Field Office of the USCIS are intentionally delaying a response to the DOS in regard to the fiance visa applications pursuant to the CARRP program. Plaintiffs allege that this delay is due to the fiances being from a predominantly Muslim country.

28. Upon information and belief, Plaintiffs allege that the DOS is and has been complicit in the delay in processing the fiance visa applications.

29. Since 2008, the Defendants have used CARRP—an internal policy that has neither been approved by Congress nor subjected to public notice and comment—to investigate and adjudicate applications deemed to present potential "national security concerns." CARRP prohibits USCIS field officers from approving an application with a potential "national security concern," instead directing officers to deny the application or delay adjudication—often indefinitely—in violation of the INA.

30. CARRP's definition of "national security concern" is far more expansive than the security-related ineligibility criteria for immigration applications set forth by Congress in the INA. Rather, CARRP identifies "national security concerns" based on deeply-flawed and expansive government watchlists, and other vague and overbroad criteria that bear little, if any, relation to the security-related statutory ineligibility criteria. The CARRP definition casts a net so wide that it brands innocent, law-abiding residents, like

Plaintiffs—none of whom pose a security threat—as "national security concerns" on account of innocuous activity and associations, and characteristics such as national origin.

31. Although the total number of people subject to CARRP is not known, USCIS data reveals that between FY2008 and FY2012, more than 19,000 people from twenty-one Muslim-majority countries or regions were subjected to CARRP.

32. Plaintiffs allege that the fiance visa applications have been in administrative processing beyond a reasonable time period for completing administrative processing of his visa application.

33. The combined delay and failure to act on the fiance visa applications is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

34. There are no alternative adequate or reasonable forms of relief available to Plaintiffs.

35. Plaintiffs have exhausted all administrative remedies available to them in pursuit of a resolution of this matter, including repeatedly requesting the processing of their case with the USCIS, the State Department and the National Visa Center.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For their second claim for relief against all Defendants, Plaintiffs Hamidullah and Ehsanullah Muhsen allege and state as follows:

36. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

37. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiffs may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

38. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiffs.

39. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiffs by causing a loss of consortium between them and their fiances, among other ways.  They have been denied the opportunity to begin their life together in the U.S. and to begin building a family.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs, Hamidullah and Ehsanullah Muhsen, request the following relief:

1.  That this Honorable Court assume jurisdiction over this action;

2.  Enter a judgment declaring that (a) CARRP violates the INA and its implementing regulations; Article 1, Section 8, Clause 4 of the United States Constitution; the Fifth Amendment to the United States Constitution; and the APA; and (b) Defendants violated the APA by adopting CARRP without promulgating a rule and following the process for notice and comment by the public;

3.  Enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them from applying CARRP to the processing and adjudication of Plaintiffs' fiance visa applications;

4.  Order Defendants to rescind CARRP because they failed to follow the process for notice and comment by the public;

5.  That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty days;

6.  That this Honorable Court take jurisdiction of this matter and adjudicate the fiance visa applications pursuant to this Court's declaratory judgment authority;

7.   That this Honorable Court issue a writ of mandamus compelling Defendants to complete the processing of both cases and to adjudicate both cases;

8.  That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiffs the cause and nature of the delay and inform Plaintiffs of any action they may take to accelerate processing of the visa application;

9.  Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

10. Such other and further relief as this Honorable Court may deem just and proper.


**RESPECTFULLY SUBMITTED**
this 14th day of September, 2017


***/s/ James O. Hacking, III***
James O. Hacking, III
Hacking Law Practice, LLC
34 N. Gore, Suite 101
St. Louis, MO 63119
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

**ATTORNEYS FOR PLAINTIFFS**